## Case No. 2,789.

### The CLARA.

[5 Ben. 376, note.][1]

Circuit Court, S. D. New York. Aug., 1873.[2]

[For a statement of the facts of this case, see Case No. 2,788, next preceding.]

WOODRUFF, Circuit Judge. I concur in the conclusion of the district judge in these cases, and for substantially the same reasons assigned in his opinion. Assuming that the owners of the ferry-boat exercised a lawful right to remove their boat from the slip in which it lay (and, no doubt, they had

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Affirming decree of the district court in Case No. 2,788. Decree of the circuit court affirmed by supreme court in The Clarita and The Clara, 23 Wall. (90 U. S.) 1.]

such right, notwithstanding she was on fire, and whether her remaining in the slip did or did not involve danger to other property), whoever attempted her removal was bound to use precautions to prevent her from being carried by wind and tide against other vessels lying at anchor in the harbor, corresponding to the danger and consequences of such a result. The danger was extraordinary, and more than usual precautions to secure and retain control of the burning mass were, therefore, required by ordinary prudence. Reasonable care, in such circumstances, is not to be determined by the ordinary usages of tugs engaged in towing when no such circumstances of peril to others exist. Proofs, therefore, of the customary practice of tugs engaged in towing vessels in and about the harbor, to use hempen hawsers only, does not furnish a satisfactory test of the caution and care, due from a tugboat professedly engaged in the business of rescuing vessels from conditions of extraordinary peril, including fire on board. The testimony taken in this court does not, I think, exonerate the tug. It is so obvious as hardly to require proof, that a chain attached to the burning boat would have prevented the loss of control over her. The use of such a chain is not proved impracticable, and it is equally obvious, I think, that it was not only practicable but easy. No heavy anchor chain, extending from one boat to the other, which the hands of the boat could not manage, was required. All that was essential was, that the attachment to the burning boat, extending a few feet therefrom, should be incombustible; for the rest, a rope or hempen hawser was sufficient. The parties expected the flames to spread through and over the burning boat. It was this expectation which induced the attempt to remove her from the slip. In view of this, it was negligence to remove her under no other control than a rope, which, presumptively, would be burned off so soon as the expected spread of the fire should reach it. In this respect, it was not like a shifting of the location of the boat, with a view to the extinguishment of the fire before it should thus extend. Before any hawser was attached for the purpose of drawing her from the slip, chains were to be found, both on the ferry-boat and on the tug, and it is not to be doubted, that a chain, of suitable length to form a connection of the hawser to the burning boat, might readily have been elsewhere procured. In regard to the alleged neglect of the schooner in not keeping an anchor watch, and as to the allowance of damages by the commissioner, it is sufficient to say, that I concur in the opinion of the district judge, and in his overruling the exceptions to the report of the commissioner. The decree in each case must be entered in conformity with the decision below, dismissing the libel for salvage in the first entitled

cause, and awarding the damages found in favor of the libellants in the second, with costs in each case.

[NOTE. This decision was affirmed by the supreme court in The Clarita and The Clara, 23 Wall. (90 U. S.) 1. See Case No. 2,788, note.]